UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JONTAE ASHLEY,** | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| **WALGREEN EASTERN CO., INC.,** | : | |
| | : | |
| Defendant. | : | October 2, 2024 |

Jury Trial Demanded

## COMPLAINT

Plaintiff Jontae Ashley, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendants, respectfully alleges:

## PARTIES

1. Plaintiff, Jontae Ashley, is a Connecticut citizen.

2. Defendant, Walgreen Eastern Co., Inc. was and is was and is a corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 108 Wilmot Road, Deerfield, Illinois 60015.

3. At all times material, Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. At all times material, Defendant, R & L Carriers, Inc., is an employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

5. At all times material, plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

6. At all times material, plaintiff is an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

1

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. This Court has supplemental or pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Defendant owns and operates a Walgreen's store located at 20 Connecticut Boulevard, East Hartford, Connecticut 06108.

11. Defendant employs more than 500 employees.

12. Defendant employed plaintiff.

13. Defendant hired plaintiff on or about March 15, 2023.

14. Plaintiff's job position was Shift Manager.

15. Plaintiff was qualified for the job.

16. Plaintiff worked at the 20 Connecticut Boulevard, East Hartford, Connecticut store.

17. Plaintiff is African-American.

18. During her employment, defendant was aware that plaintiff was African-American.

2

19. Defendant employs Diyana Koleva as a store manager.

20. Koleva is a supervisor.

21. Koleva supervised plaintiff.

22. Koleva made racial comments in the workplace.

23. The racial comments were made in plaintiff's presence.

24. The racial comments were made in the presence of other African-American employees.

25. Koleva referred to defendant's store as being in the ghetto.

26. Koleva stated that she needed to "get the ghetto" out of the store.

27. The store's customers are predominately African-American.

28. Koleva made comments about plaintiff's hair. Specifically, Koleva said that plaintiff's hairstyle was too fancy and she should wear her hair in a different style. Plaintiff would wear braids, weaves and pony tails.

29. Koleva commented on plaintiff's sneakers being "fancy".

30. Koleva commented on plaintiff's clothing. Specifically, Koleva would tell plaintiff to wear different clothing at work. Complainant wore a blue shirt and black pants at work which was proper attire for the workplace.

31. Koleva made jokes about African-American customers. Koleva would laugh at African-Americans in the store making comments about their appearance saying that they looked "ghetto".

32. Koleva made remarks about the "ghetto". She repeatedly stated: "we work in the ghetto".

33. She would say that "we" [referring to African-Americans] were in a low-class community.

34. Koleva said that African-Americans were stealing so much. She said that African-Americans come into the store and steal everything.

35. Plaintiff was offended by Koleva's racist remarks.

36. Plaintiff told Koleva that she was offended by her remarks.

37. On or about July 26, 2023, plaintiff reported Koleva's racial harassment and discriminatory remarks to Dentler.

38. On July 26, 2023, defendant terminated plaintiff's employment.

39. Any and all reasons to be offered by the defendant to explain the termination decision would be pretext to disguise unlawful discrimination and/or retaliation.

40. Koleva subjected plaintiff to a hostile work environment on account of race.

41. Plaintiff filed charges against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about the following date: October 19, 2023.

42. Plaintiff filed charges against defendant with the Equal Employment Opportunity Commission (EEOC) on or about the following date: October 19, 2023.

43. Plaintiff received a Right to Sue letter from the EEOC on August 26, 2024. (copy attached as Exhibit 1).

4

44. Plaintiff received a Release of Jurisdiction letter from the CHRO on July 11, 2024. (copy attached as Exhibit 2).

## COUNT ONE
### (Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

45. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

   b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of race;

   c. In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected her status as an employee;

   d. In that defendant terminated the plaintiff on account of her race;

   e. In that defendant intentionally discriminated against the plaintiff on the basis of race.

46. As a result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

47. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her race.

48. As a result of defendant's discrimination, plaintiff has been deprived of income,

wages, and benefits.

49. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

50. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

51. Defendant's discrimination has been willful.

## COUNT TWO
### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

52. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, retaliated against the plaintiff for engaging in legally protected activity.

53. Plaintiff complained, reported and opposed racial and disability harassment and abuse.

54. Plaintiff had a good-faith, reasonable belief that what she was reporting to the defendant constitute unlawful race discrimination and racial harassment.

55. Plaintiff has suffered harms and losses because of the retaliation including lost employment, lost wages, lost income, and emotional distress.

56. Plaintiff has suffered and will continue to suffer harms and losses as a result of

defendant's retaliatory acts.

## COUNT THREE
### (Race Harassment in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

57. Plaintiff was subjected to harassment and abuse in defendant's workplace on account of her race.

58. The harassment was severe or pervasive.

59. The harassment and abuse was motivated, at least in part, on the basis of plaintiff's race.

60. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

61. The racial harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

62. The acts and/or omissions of the defendant, by and through its employees and/or agents, as described in this Complaint constitute racial harassment within the meaning of Title VII of the Civil Rights Act of 1964.

63. As a result of the hostile work environment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

## COUNT FOUR
### (Race Discrimination in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

64. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act (CFEPA) in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

   b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of race;

   c. In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected his status as an employee;

   d. In that defendant has denied work to the plaintiff on account of his race;

   e. In that defendant intentionally discriminated against the plaintiff on the basis of race.

65. As a result of defendant's violation of CFEPA, plaintiff suffered harms and losses.

66. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her race.

67. As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

68. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

69. Plaintiff has suffered and will continue to suffer harms and losses as a result of

8

defendant's wrongful and discriminatory acts.

## COUNT FIVE
### (Retaliation in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

70. Defendant, by and through its agents and/or employees, violated C.G.S. §46a-60(b)(4) by retaliating against the plaintiff for engaging in legally protected activity.

71. Plaintiff complained, reported and opposed racial harassment, abuse and discrimination.

72. Because of plaintiff's protected activity, the defendant terminated plaintiff's employment.

73. Plaintiff has suffered harms and losses because of the retaliation including lost wages, lost income, and emotional distress.

74. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's retaliatory acts.

## COUNT SIX
### (Race Harassment in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

75. Plaintiff was subjected to harassment and abuse in defendant's workplace on account of her race.

76. The harassment was severe or pervasive.

77. The harassment and abuse was motivated, at least in part, on the basis of plaintiff's race.

78. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

79. The racial harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

80. The acts and/or omissions of the defendant, by and through its employees and/or agents, as described in this Complaint constitute racial harassment within the meaning of CFEPA §46a-60(b)(1).

81. As a result of the hostile work environment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; Title VII punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: October 2, 2024

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

## Jacqueline Macneill (Sabatini & Associates LLC.)

**From:** Jacqueline Macneill (Sabatini & Associates LLC.) <jackie@sabatinilaw.com> on behalf of Jacqueline Macneill (Sabatini & Associates LLC.)
**Sent:** Wednesday, October 2, 2024 1:09 PM
**To:** jackie@sabatinilaw.com
**Subject:** FW: EEOC Closure Notice



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/26/2024

**To:** Jontae Ashley
221 Trumbull St.
Hartford, CTCT 6103

Charge No: 16A-2024-00130

EEOC Representative and email:  MARIANNE MONTLER
Supervisory Investigator
marianne.montler@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

1

Digitally Signed By: Yaw Gyebi, Jr.
08/26/2024

Yaw Gyebi, Jr.
District Director

Cc:
James Sabatini
jsabatini@sabatinilaw.com

Cc:
Aaron Spacone
aspacone@morganbrown.com

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16A-2024-00130 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2024-00130 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g.,

- 
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

5

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT 2

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**Jontae Ashley**
**COMPLAINANT**

CHRO No. 2440190
EEOC No. 16A202400130

vs.

**Walgreen Eastern Co., Inc.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*

**DATE:  July 11, 2024**

Tanya A. Hughes, Executive Director

cc:
   Complainant's Attorney: Matthew Bertolino, Esq.
                           James Sabatini, Esq.
                           Sabatini & Associates
                           mbertolino@sabatinilaw.com
                           jsabatini@sabatinilaw.com

   Respondent's Atty.:  Aaron Spacone, Esq.
                        Morgan Brown & Joy
                        aspacone@morganbrown.com

   Case File