UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONTAE ASHLEY, | : | |
| | : | |
| Plaintiff, | : | Case No.:  3:24-cv-01587-VDO |
| | : | |
| vs. | : | |
| | : | |
| WALGREEN EASTERN CO. INC., | : | |
| | : | |
| Defendant. | : | June 24, 2025 |

## JOINT MOTION FOR CLARIFICATION

### I.  INTRODUCTION

NOW COME, Plaintiff Jontae Ashley ("Plaintiff") and Defendant Walgreen Eastern Co., Inc. ("Defendant") (collectively, "Parties") and hereby respectfully request the Court clarify its June 21, 2025 Order (Doc. No. 41) granting the Parties' June 18, 2025 Joint Motion to Modify the Scheduling Order (Doc. No. 39).  The Parties respectfully submit that the date specified in the Order by which they are to take the first step to initiate dispositive motions may have been a typographical error and seek the Court's clarification regarding the same.

### II.  STANDARD OF REVIEW

Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order. *Deutsche Bank Nat'l Tr. Co. v. WMC Mortgage, LLC*, Nos. 12-cv-933, 12-cv-969, 12-cv-1699, & 12-cv-1347 (CSH),  2015 WL 11237310, a *6 (D. Conn. July 6, 2015.)  When a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond. *See id. see also Williams v. Bean,* No. 16-cv-1633 (VAB), 2017 WL 5179231, at *1 (D. Conn. Nov. 8, 2017)  ("[T]he Court issues this Amended Ruling and Order to correct clerical errors in the

Court's Ruling and Order ... that the Williamses brought to the Court's attention by letter dated October 26, 2017.... The Court treated the Williams' letter as a motion for clarification and allowed the Beans an opportunity to respond....").

### III. DISCUSSION

Pursuant to the Court's December 10, 2024 Scheduling Order (Doc. No. 15), the Court established July 30, 2025 as the date by which either party was to take the first step to initiate any dispositive motion practice. *See Scheduling Order* at 2 ("The parties shall take the first step to initiate any dispositive motion practice, including requesting a pre-filing conference for a motion for judgment on the pleadings or summary judgment, according to the Honorable Vernon D. Oliver's Pretrial Preferences by July 30, 2025.").[1]

In their June 18, 2025 Joint Motion to Modify the Scheduling Order, the Parties requested that the Court endorse a limited modification to its December 10, 2024 Scheduling Order (Doc. No. 15) such that: 1.) the initial June 25, 2025 fact discovery deadline be extended until August 11, 2025 only for the limited purpose of taking the Plaintiff's deposition, as well as the depositions of two (2) witnesses; and 2.) that the Parties' deadline for taking the first step to initiate any dispositive motion be correspondingly extended to September 15, 2025.

On June 21, 2025, the Court ruled upon the Parties' joint request as follows:

> *ORDER granting motion to modify scheduling order. Fact discovery shall be completed on or by August 11, 2025. The parties shall take the first step to initiate dispositive motions on or by July 11, 2025.*

*Order Granting Motion to Modify Scheduling Order* at 1. The Parties respectfully seek clarification of the Court's ruling as to the correct deadline by which they are to take the

---

[1] The corresponding docket entry summarizing the Court's deadlines set the deadline for initiating dispositive motion practice initial steps as July 20, 2025.

first step to initiate dipositive motions.

As described more fully in their Joint Motion to Modify the Scheduling Order, the Parties sought the Court's leave to take three depositions beyond the June 25, 2025 discovery deadline due to unforeseen circumstances preventing Plaintiff from sitting for deposition prior to that date. Relatedly, because the Parties sought leave to conduct the noticed depositions beyond June 25, 2025, the Parties also sought a corresponding extension of the deadline to initiate dispositive motion practice until September 15, predicated on the idea that completion of the depositions would inform their judgment as to the viability of any contemplated dispositive motions.

In its June 21, 2025 Order, the Court granted the Parties' Joint Motion and ordered that the Parties' deadline to initiate dispositive motion practice be changed to July 11, 2025, which is actually *earlier* than the date set under the initial Scheduling Order, and one that now lapses prior to their new deadline for completing the pertinent depositions. For these reasons, the Parties respectfully surmise that the June 21 Order's reference to July 11, 2025 as the date by which they are to initiate dispositive motion practice was – potentially – a typographical error, and that the Court intended to establish a dispositive motion practice deadline that post-dated both the original dispositive motion initiation deadline of July 30, 2025 and the new deadline for completing depositions (*i.e.* August 11, 2025).

### IV.   CONCLUSION

WHEREFORE, the Parties, through undersigned counsel, respectfully request that the Court issue an Order clarifying its ruling as to the date by which they are to take the first steps to initiate dispositive motion practice pursuant to the Honorable Vernon D. Oliver's Pretrial Preferences.

| | |
|---|---|
| PLAINTIFF JONTAE ASHLEY | DEFENDANT WALGREEN EASTERN CO, INC. |
| By Her Attorneys | By Its Attorneys |
| | |
| /s/ James V. Sabatini | */s/ Joseph P. Sassi* |
| James V. Sabatini (Fed. No. ct19899) | Aaron A. Spacone (Fed. No ct31452) |
| Sabatini & Associates | Joseph P. Sassi (Fed. No. ct23255) |
| One Market Square | Morgan, Brown and Joy, LLP |
| Newington, CT 06111 | 28 State Street, 16th Floor |
| jsabatini@sabatinilaw.com | aspacone@morganbrown.com |
| Phone: (860)667-0839 | jsassi@morganbrown.com |
| Fax: (860)667-0867 | Phone: (617)523-6666 |
| | Fax: (617)367-3125 |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2025, this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

*/s/ Joseph P. Sassi*
Joseph P. Sassi